UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Equipment East, LLC

     v.                         Civil No. 20-cv-274-JD
                               Opinion No. 2020 DNH 163
Corbell Development, LLC,
and Eyecor Const., LLC


O R D E R

Plaintiff Equipment East, LLC, filed a renewed motion (doc. no. 25) for default judgment against defendants Corbell Development, LLC, and Eyecor Construction, LLC. Neither Corbell nor Eyecor responded.


Standard of Review

After default has been entered against a defendant and when the amount of damages is not a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). By defaulting, a defendant concedes the truth of the plaintiff's allegations as to liability but does not admit the amount of damages claimed. KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003); IDEXX Distribution Inc. v. Daniel A. Lauridia DVM PC, 2020 WL 265194, at *1 (D. Me. Jan. 17, 2020). Despite a defendant's concession as to the truth of the plaintiff's allegations, the court must review the

complaint to determine that jurisdiction exists and that the
admitted allegations state a cognizable claim.  In re The Home
Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); see also
Inrepidus, LLC v. Bivins, 2019 WL 4911190, at *4-*5 (S.D.N.Y.
Sept. 16, 2019).  The plaintiff must prove the amount of damages
it claims, and the court may hold a hearing on damages if
necessary.  Fed. R. Civ. P. 55(b)(2).  A hearing is not
required, however, if the plaintiff provides sufficient proof of
the amount of damages through evidence, including affidavits.
The Home Restaurants, 285 F.3d at 114.


Background

A.    Complaint

Equipment East filed this action on February 21, 2020, to
recover damages resulting from Eyecor's and Corbell's failure to
pay for construction equipment rentals, service on construction
equipment, and parts for construction equipment.

The complaint contains six counts:

- Count I, breach of contract against Eyecor for failure
  to pay for rental of construction equipment;

- Count II, unjust enrichment against Corbell for
  failure to pay for construction equipment rented by
  Eyecor but used by Corbell;

- Count III, breach of contract against Eyecor for
  failure to pay for parts and service of construction
  equipment;

- Count IV, quantum meruit against Eyecor and Corbell for their failure to pay for service and repair work on the construction equipment;

- Count V, unjust enrichment against Eyecor for failure to pay for parts;

- and Count VI, violation of RSA 544-B:1 against Corbell and Eyecor.

Neither Eyecor nor Corbell responded to the complaint.  The Clerk of Court entered default against Eyecor and Corbell on April 17, 2020.  Afterward, Earney Mayo, a "Member/Manager" of Eyecor and Corbell, attempted to file a motion to vacate the entry of default.  Doc. 12.  The court, however, rejected the motion because it was filed pro se rather than through counsel, and corporate entities must be represented by counsel.  LR 83.6(c).  The court nevertheless provided Corbell and Eyecor thirty days to obtain counsel and enter an appearance.  The time expired and neither Corbell nor Eyecor appeared with counsel.


B.    First Motion for Default Judgment

Equipment East filed a motion for default judgment.  Doc. 21.  Equipment East argued that it was entitled to a judgment against Eyecor Construction for $364,533.57 and against Corbell for $330,511.39.  Equipment East's claim included $7,195.13 for legal fees and $1,034.00 for costs.

The court denied Equipment East's motion for default judgment, without prejudice, because the motion lacked the necessary analysis of the claims to support entry of a default judgment.  The court also noted that "[i]ssues are apparent with respect to the amount of damages Equipment East is seeking and the viability of its claims."  Doc. 24 at 6.  For example, Equipment East appeared to count the same damages twice, requesting a total damages award of $695,044.96, which was not supported by the allegations in the complaint.  Additionally, the court noted a concern that Equipment East had not shown that, as to its breach of contract claims, valid agreements between Equipment East and Eyecor or Corbell existed.  The court denied Equipment East's motion, without prejudice, granting Equipment East leave to file a renewed motion for default judgment by August 11, 2020.

C.  Renewed Motion for Default Judgment

Equipment East filed a renewed motion for default judgment within the time period specified by the court.  Equipment East supports its renewed motion for default judgment with the affidavits of Giovanni Albanese, Gilda Albanese, and Attorney Mary Ellen MacDonald and attached several exhibits to each affidavit to further support or provide detail for the statements in the affidavits.  The renewed motion for default

judgment discusses each claim and the damages to which Equipment East asserts it is entitled for each claim.

D. <u>Facts</u>

As noted, because they have failed to appear in this action, Eyecor and Corbell admit all of Equipment East's factual allegations as to liability.  Equipment East, whose place of business is in Massachusetts, sells and rents construction equipment, provides repairs and servicing for construction equipment, and sells parts for construction equipment. Equipment East avers that Eyecor and Corbell were in the construction business.

1. <u>Equipment Rentals</u>

In 2018 and 2019, Eyecor rented various pieces of construction equipment from Equipment East.  Equipment East sent Eyecor a rental agreement with attached terms and conditions as well as recurring invoices for the equipment rentals.  Each rental agreement contains a line for a signature by the customer (<u>i.e.</u>, Eyecor) and a line for a signature by Equipment East. Only one agreement, for a Bobcat T650, was signed by an Eyecor representative (Earney Mayo), and no agreements were signed by an Equipment East representative.

The rental agreement contains attached terms and conditions and states that the terms and conditions are "in full force and effect from the time the lessor's equipment is accepted by the lessee." E.g., doc. 27-1 at 3; doc. 27-2 at 3; doc. 27-3 at 3. One term selects the law of Equipment East's place of business from where the equipment was delivered (Massachusetts) as applicable to the leases. Another term states that "[i]nvoices beyond the Net 30 Day terms are subject to 1.5% monthly or 18% annual service fee." E.g., doc. 27-1 at 5; doc. 27-2 at 5; doc. 27-3 at 5. The agreements also state that the "Lessee shall be liable for all reasonable costs expenses [sic] incurred, including attorney's fees, in the collection of any outstanding monies." E.g., doc. 27-1 at 5; doc. 27-2 at 5; doc. 27-3 at 5.

Each recurring invoice contains details about the equipment to be rented, the duration of the rental period, and the amount due for each rental period. As one example, the first unpaid invoice for a Doosan DX85 excavator states that the rental shall be between June 12, 2018, and July 10, 2018, and that the rate for the rental during that period is $4,400.00. Doc. 27-1 at 14.

Eyecor accepted delivery of all the equipment or took possession of all the equipment detailed in the agreements and

6

invoices and used it for the duration specified in the invoices.
Eyecor, however, failed to pay for the equipment.[1]

      2.  <u>Equipment Service and Parts</u>

In 2018 and 2019, Equipment East performed repair services
on equipment owned by Eyecor.  Equipment East sent Eyecor
invoices for the repair services.  Additionally, Equipment East
performed repairs of equipment rented from it by Eyecor that had
been damaged during the rental period.  Equipment East sent
technicians to New Hampshire to perform the repairs.  Eyecor
failed to pay $4,111.39 of the amount invoiced for the repairs
made by Equipment East.

Additionally, in 2018 and 2019, Eyecor purchased parts from
Equipment East's retail store in Bow, New Hampshire.  The parts
were purchased on credit from Equipment East.  The parts were
invoiced by Equipment East, but Eyecor failed to pay $29,875.89
of the amounts invoiced.

      3.  <u>Checks</u>

On May 17, 2019, Corbell remitted a check to Equipment East
for $120,000.00.  The $120,000.00 check was returned to

---

[1] Some invoices note that Eyecor made payments toward them
or that credit was received for an early return.  The paid or
credited amounts were deducted from the balance owed by Eyecor.

Equipment East for insufficient funds.  Equipment East's bank
charged it a fee of $7.50 for the returned check.

## Discussion

Equipment East renews its motion for a default judgment.
Neither Eyecor nor Corbell filed a response.

### A.   Jurisdiction

The court found that it had subject matter jurisdiction
over the case and personal jurisdiction over the defendants in
its order denying Equipment East's motion for a default judgment
without prejudice.  Doc. 24 at 5-6.  The court adopts the same
finding here.

### B.   Claims and Liability for Damages

Equipment East moves for default judgment as to Counts I,
III, IV (against Eyecor only), V, and VI (against Corbell only).
Equipment East moves to voluntarily dismiss without prejudice
the following claims: Count II against Corbell, Count IV against
Corbell, and Count VI against Eyecor.  See Fed. R. Civ. P.
41(a)(2).

1.   <u>Count I (Breach of Contract against Eyecor)</u>

Count I involves Eyecor's failure to pay for the construction equipment it rented from Equipment East. Equipment East asks for damages including the unpaid sums, contractual interest, attorneys' fees, and costs.


a.   <u>Choice of Law</u>

Equipment East asserts that Eyecor breached rental agreements which contain a provision selecting the law of Equipment East's place of business from which the equipment was delivered, which is Massachusetts. In a diversity action, the forum state's substantive law governs, including its choice-of-law rules. <u>Coldwell Banker Real Estate, LLC v. Brian Moses Realty, Inc.</u>, 752 F. Supp. 2d 148, 164 (D.N.H. 2010). "New Hampshire law usually will uphold a contract's selection of a forum's law as long as 'the contract bears any significant relationship to that jurisdiction.'" <u>Hobin v. Coldwell Banker Residential Affiliates., Inc.</u>, 144 N.H. 626, 628 (2000). Here, the rental agreements bear a significant relationship to Massachusetts, which is Equipment East's place of business from which the equipment Eyecor rented was delivered or picked up. Accordingly, the court will apply Massachusetts law to the issues involving the rental agreements. <u>See</u> <u>id.</u>

      b.   <u>Sufficiency of Allegations and Evidence of Written Agreements</u>

In Count I, Equipment East alleges that it agreed to rent construction equipment to Eyecor and that Eyecor promised to pay for the equipment.  Equipment East argues that the invoices and rental agreements contain the written terms of the contracts, which include provisions for interest, attorneys' fees, and costs.  Although the rental agreements are unsigned, Equipment East contends that Eyecor implicitly accepted the written rental agreements by picking up or using the equipment after receiving the agreements and breached the agreements by failing to pay as promised.  Alternatively, Equipment East asserts that, if the written terms of the rental agreements are not enforceable, Eyecor breached implied oral contracts.[2]

"To prevail on a claim for breach of contract, a plaintiff must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result."  <u>See</u> <u>Bulwer v. Mount Auburn Hosp.</u>, 473 Mass. 672, 690 (2016).  If Eyecor accepted the written rental agreements despite not

---

     [2] If the agreements were oral, then Equipment East asserts that it is entitled only to damages for the cost of the rentals and not interest, attorneys' fees, or costs.

signing them, then Equipment East's allegations support a
cognizable claim for breach of contract and an award including
interest, attorneys' fees, and costs.

Acceptance of a written agreement can be established by
evidence that the offeree commenced performance of the
contractual terms after receiving notice of the terms and having
a reasonable opportunity to reject the terms. McGurn v. Bell
Microproducts, Inc., 284 F.3d 86, 90 (1st Cir. 2002) (applying
Massachusetts law and concluding that "silence in response to an
offer may constitute an acceptance if an offeree who takes the
benefit of offered services knew or had reason to know of the
existence of the offer, and had a reasonable opportunity to
reject it."); see also Restatement (Second) of Contracts § 32
(stating the default rule that an offer permits acceptance by
either a promise to perform or actual performance).  The
evidence submitted by Equipment East shows that Equipment East
sent the rental agreements to Eyecor.  After receiving the
rental agreements, Eyecor took possession of the equipment
detailed in the agreements and associated invoices.
Furthermore, the agreements themselves state that they are "in
full force and effect from the time the lessor's equipment is
accepted by the lessee."  E.g., doc. 27-1 at 3.  For those
reasons, Eyecor accepted the written terms of the rental

agreements, and their terms are applicable to the determination
of the amount of damages owed by Eyecor.

### c.   Amount of Damages, Attorneys' Fees, and Costs

Having stated a cognizable claim for breach of contract in
its complaint and established with evidence that the written
terms of the rental agreements govern, Equipment East must prove
the amount of damages it claims.  Fed. R. Civ. P. 55(b)(2).  For
Count I, Equipment East claims damages for the unpaid equipment
rentals and interest on those sums, as well as attorneys' fees,
and costs.

### i.   Unpaid Rental Amounts and Interest

Equipment East submits that, as to Count I, it is entitled
to damages of $265,508.05 for the unpaid equipment rentals and
contractual interest of $68,921.73.  "In order to recover more
than nominal damages for breach of contract, a plaintiff must
prove by a preponderance of the evidence that the breach
actually and proximately caused a loss."  Exeter Theatre Corp.
v. T.G.I. Friday's, Inc., 78 Mass. App. Ct. 1123, 2011 WL
254149, at *1 (Jan. 28, 2011).  "Once a plaintiff clears the
initial threshold of proving causation, he then bears the second
burden of proving the amount or extent of his damages with
reasonable certainty."  Id. (quotation marks omitted).  With one

exception, Equipment East has shown the amount of its damages with "reasonable certainty."  See id.

Equipment East and Eyecor agreed for the rental of several pieces of construction equipment in exchange for the payments specified by the invoices attached to Equipment East's motion for a default judgment.  Equipment East's head of operations, Giovanni Albanese, stated in his affidavit that Eyecor failed to pay $265,508.05 of the charges evidenced by the invoices.  Each unpaid invoice was provided with Albanese's affidavit and the amounts stated in those invoices, less the partial sums that Equipment East acknowledges were paid, show that amount is owed. Therefore, Equipment East has proved damages of **$265,508.05** for unpaid invoices.

The invoices also include a term setting an eighteen-percent interest rate on unpaid amounts.  Equipment East asserts that the total interest owed to it under the invoices is $68,921.73.  The court, however, finds that Equipment East has only proved interest in the amount of $68,884.80, which is consistent with a simple annual interest rate of eighteen percent accruing over the time periods for which the unpaid sums have been overdue.

The discrepancy between Equipment East's claim and the court's finding results from Equipment East's exclusion from its interest calculation of the full $150.00 credit for the June 22,

2018, invoice for the Bobcat T650.  See doc. 27-3 at 13, 17, 25. For the June 22, 2018, invoice, Equipment East only deducted $50.00 of the $150.00 credit from its interest calculation.  See id. at 25.  Therefore, Equipment East has proved damages of **$68,884.80** for contractual interest in addition to its damages for unpaid invoices.

### ii.  Attorneys' Fees and Costs

Under the rental agreements, Equipment East is entitled to reasonable costs or expenses for collection of "outstanding monies."  Doc. 27-1 at 5.  Such costs and expenses include attorneys' fees.  Id.  Contract provisions providing for the recovery of attorneys' fees are enforceable under Massachusetts law. Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 827 (1982).  The court must ascertain which attorneys' fees and costs are attributable to the collection of "outstanding monies" and whether they are reasonable.  See id.

"What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge." Berman v. Linnane, 434 Mass. 301, 302-03 (2001).  The court considers "several factors, including 'the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged

14

for similar services by other attorneys in the same area, and the amount of awards in similar cases.'" Id. at 303 (quoting Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979)).

In her affidavit, Attorney MacDonald states that the total attorneys' fees accrued by Equipment East in pursuing this action are $14,709.00. Equipment East, however, is only seeking fifty percent ($7,354.50) of the legal fees because the fees are only recoverable as to the breach of the equipment rental contracts. Having considered Attorney MacDonald's affidavit, the exhibits attached to her affidavit, and the work that was performed on this case, the court finds that sum advanced by Equipment East and Attorney MacDonald is reasonable, less one half of the $324.50 ($162.75)[3] charged for preparing the June 11, 2020, motion for default judgment. The court denied the June 11, 2020, motion for default judgment without prejudice because it was insufficiently developed, which resulted in unnecessary and repetitive work. It is unreasonable to charge the fees for that motion against Eyecor. Equipment East is entitled to reasonable attorneys' fees in the amount of **$7,191.75**.

As to costs, Equipment East is seeking $400.00, which is the court's filing fee, and one half of the service fees, which

---

[3] Only one half the charge is deducted because Equipment East only requested one half of its attorneys' fees.

is $239.97.  The total costs claimed are **$639.97,** which is a
reasonable sum.

For those reasons, the court grants the motion for a
default judgment as to Count I.  Damages are awarded in the
amount of **$334,392.85,** which consists of $265,508.05 for the
unpaid invoices and $68,884.80 in contractual interest.
Additionally, attorneys' fees are awarded in the amount of
**$7,191.75** and costs are awarded in the amount of **$639.97.**

### 2.   Count III (breach of contract against Eyecor)

In Count III, Equipment East alleges that Eyecor breached
contractual terms by failing to pay for construction equipment
parts it purchased in 2018 and 2019.  Equipment East also
alleges that, in 2018 and 2019, it performed repair services on
equipment owned or rented by Eyecor and that Eyecor did not pay
for the services.  The allegations in the complaint state a
valid claim for breach of contract based on Eyecor's failure to
fulfill its promises to pay Equipment East for construction
equipment parts Equipment East provided and Eyecor's failure to
fulfill promises to pay for repair services performed by
Equipment East.  See Wilcox Indus. Corp. v. Hansen, 870 F. Supp.
2d 296, 311 (D.N.H. 2012) ("In order to state a breach of
contract claim under New Hampshire law, [the plaintiff] must
allege sufficient facts to show (1) that a valid, binding

16

contract existed between the parties, and (2) that [the defendant] breached the terms of the contract."); Harrison v. Watson, 116 N.H. 510, 511 (1976) ("A contract may be established by spoken or written words or by acts or conduct . . . .").[4]

As in Count I, Equipment East proves the amount of its damages through affidavits and accompanying invoices.  Based on that evidence, Equipment East has established damages in the amount of **$29,875.89,** which is the sum of the agreed upon but unpaid amounts for parts as evidenced by the invoices and the affidavit of Giovanni Albanese.  As to the repair services, Equipment East has, by similar evidence, established that it is entitled to damages of **$4,111.39.**  The total amount of damages Equipment East has proved for Count III is therefore **$33,987.28.**

C.   Counts IV and V (quantum meruit and unjust enrichment)

In its renewed motion for default judgment, Equipment East asserts that "[i]f the Court declines to enter judgment in

---

[4]   As to Count III, the law of Massachusetts on the subject of breach of an implied-in-fact contract yields the same result as the law of New Hampshire.  See Bulwer, 473 Mass. at 690; Katz v. Pershing, LLC, 806 F. Supp. 2d 452, 460 (D. Mass. 2011) ("An implied-in-fact contract comes into being when, not withstanding the absence of a written or verbal agreement, the conduct or relations of the parties imply the existence of a contract.").  Therefore, there is no need to make a formal choice of law as to Count III.  See Foisie v. Worcester Polytechnic Inst., 967 F.3d 27, 37 (1st Cir. 2020) ("[A] choice-of-law determination is obligatory only if a material conflict exists between the laws of the interested states.").

Equipment East's favor on Count III . . . for failure to pay for the repair services, Equipment East would be entitled to judgment on an alternate theory of quantum meruit." Doc. 26 at 12; see also R.J. Berke & Co., Inc. v. J.P. Griffin, Inc., 116 N.H. 760, 764 (1976) ("Quantum meruit is a restitutionary remedy intended for use by contracting parties who are in material breach and thus unable to sue 'on contract.'"). Similarly, as to Count V, unjust enrichment, Equipment East states that the claim is an "alternate theory" that it is only entitled to judgment on if the court finds its breach of contract claim in Count III non-cognizable. Doc. 26 at 11; Axenics, Inc. v. Turner Constr., Co., 164 N.H. 659, 669 (2013) ("It is a well-established principle that the court cannot allow recovery under a theory of unjust enrichment when there is a valid, express contract covering the subject matter at hand."). Because the court will enter judgment in Equipment East's favor on Count III as to Eyecor's failure to pay for equipment parts and repair services, the court does not address Equipment East's alternate theories of unjust enrichment and quantum meruit.

D.   Count VI (RSA 544-B:1)

Equipment East alleged in the complaint that Corbell bounced a check or stopped payment on a check in violation of

RSA 544-B:1.[5]  "In any action against a person who makes, issues, or draws any check, draft or order for the payment of money which has been dishonored for lack of funds or credit to pay the same, or because the maker, issuer, or drawer has no account with the drawee, the holder may recover from the maker, issuer, or drawer the amount of the check, draft, or order, plus court costs, service costs, and collection costs incurred by the holder."  RSA 544-B:1.

To recover under RSA 544-B:1, the plaintiff must have provided notice of nonpayment under RSA 544-B:2 and the defendant must have failed to make payment within ten days of receiving the notice.  "Such notice in writing shall be conclusively presumed to have been given when properly deposited in the United States mails, postage prepaid, by certified or registered mail, return receipt requested, and addressed to such maker, drawer, or issuer at his address as it appears on the check, draft, or order or at his last known address."  RSA 544-B:2.

Equipment East alleges that Corbell issued a check that was either stopped or returned for insufficient funds.  Equipment

---

[5] Count VI names both Eyecor and Corbell as defendants, but in its renewed motion for default judgment, Equipment East states that it wishes to dismiss Count VI as against Eyecor without prejudice.

East alleges that it provided notice of nonpayment to Corbell by certified mail.  It attached the notice and certified mail receipt to the complaint.  Equipment East alleges that payment was not made after the notice was received by Corbell. Therefore, the complaint states a cognizable claim for relief under RSA 544-B:1.

In its motion for default judgment, Equipment East asserts that the check from Corbell was for $120,000.00.  It supports that assertion with the affidavit of Giovanni Albanese and the check itself.  Albanese also noted his belief that the $120,000.00 check from Corbell was intended to be partial payment of the amount Eyecor owed to Equipment East for rentals, parts, or repairs.

As to fees and costs, Equipment East asserts that it incurred a $7.50 fee from its bank for the returned check and that it incurred a $7.60 cost for mailing the certified mail notice pursuant to RSA 544-B:2.  In her affidavit, Attorney MacDonald confirms that postage for the certified mail notice sent to Corbell cost $7.60.  Given the evidence cited above, Equipment East has established damages against Corbell for **$120,000.00** for the amount of the check and **$15.10** for costs incurred.

Giovanni Albanese, on behalf of Equipment East, states in his affidavit that the $120,000.00 check from Corbell was

intended to pay some of what Eyecor owed to Equipment East for rentals, parts, and service. Because the check was returned for insufficient funds and was not paid, that amount remains outstanding as part of the damages owed by Eyecor in Counts I and III. It is also part of what Corbell owes to Equipment East under RSA 544-B:1 in Count VI.

Equipment East can only recover that amount once. Eyecor is liable for all of the damages awarded in Counts I and III, and Corbell is liable for all of the damages awarded in Count VI, except that any amount that either defendant pays will offset the $120,000.00 that they owe jointly. Therefore, any payments made by Eyecor or Corbell to Equipment East for the damages awarded in this case first will be offset against the $120,000.00 that they owe jointly until that amount is satisfied. Then, each will owe the remainder of the damages awarded separately.

### Conclusion

Equipment East's motion for default judgment (doc. no. 25) is granted. As to Count I, Equipment East is awarded damages against Eyecor in the amount of **$334,392.85**. Additionally, as to Count I, Equipment East is entitled to attorneys' fees in the amount of **$7,191.75** and costs in the amount of **$639.97**. Count II is dismissed without prejudice.

As to Count III, Equipment East is awarded damages against Eyecor in the amount of **$33,987.28**. Counts IV and V are dismissed. As to Count IV against Corbell, the dismissal is without prejudice.

As to Count VI, Equipment East is awarded damages against Corbell Development, LLC, in the amount of **$120,000.00** and costs of **$15.10**. Count VI is dismissed as to Eyecor, without prejudice.

As stated in the order, Eyecor is liable for all of the damages awarded in Counts I and III, and Corbell is liable for all of the damages awarded in Count VI, except that any amount that either defendant pays will offset the $120,000.00 that they owe jointly. Any payments made by Eyecor or Corbell to Equipment East for the damages awarded in this case first will be offset against the $120,000.00 that they owe jointly until that amount is satisfied.

All claims in this case having been resolved, the clerk of court shall enter judgment against Eyecor and Corbell in accord with this order and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 16, 2020
cc:  Counsel of Record